## Foust *v.* Pennsylvania Railroad Company, Appellant.

*Railroads—Highways—Substituting one highway for another—Damages—Exceptional damages—Actions.*

Where a railroad substitutes one highway for another, it will be liable to a landowner, if in constructing the substituted road it damages such owner in a manner peculiar to himself and different in kind and degree from and beyond that which is sustained by the general public.

Where a railroad company in constructing a substituted road makes access to a mill so inconvenient and dangerous as to drive away the customers of the mill and compel its closing up, the owner of the mill may recover damages from the railroad company.

Where in the improvement of its road, a railroad company occupies a public highway and supplies another, a common-law action may be maintained by a party injured thereby whose lands have not been taken in changing the site of the original highway, and whose injuries are peculiar to himself, and different in kind and degree from those sustained by the general public.

Argued April 18, 1905.    Appeal, No. 265, Jan. T., 1904, by defendant, from judgment of C. P. Huntingdon Co., Feb. T., 1903, No. 12, on verdict for plaintiff in case of I. N. Foust v. Pennsylvania Railroad Company.    Before DEAN, BROWN, MESTREZAT, POTTER and ELKIN, JJ.    Affirmed.

Trespass to recover damages for injuries to a mill property. Before WOODS, P. J.

The facts are stated in the opinion of the Supreme Court.

Defendant presented the following points:

7. That under all the evidence in the case their verdict must be for the defendant.    *Answer:* Refused. [1]

4. That plaintiff has failed to show any damage which is peculiar to himself and different in kind and degree from and beyond that which is sustained by the general public.    *Answer:* It is for the jury to determine whether the plaintiff has suffered any damage peculiar to himself. [2]

3. That even if the jury believes that access to plaintiff's mill property was more convenient by the old road than by the new one, which was substituted for it, that fact would not entitle the plaintiff to damages, none of his land having been appropriated by the defendant company. *Answer :* Refused. [3]

1. That the defendant in the reconstruction of its roadbed at the point in question had the right to abandon the overhead bridge and grade crossing, and to substitute therefor the subway, if it deemed such a change of site of the highway necessary, and the determination of the question by the defendant is conclusive, in the absence of any abuse or misuse of the power thus committed to it. *Answer :* Affirmed ; if the jury believe that if the defendant company constructed the substitute road in such a way as not to damage the plaintiff in a manner peculiar to himself and different in kind and degree from and beyond that which is sustained by the general public. [4]

The court charged the jury in part as follows :

[You must also take into consideration the manner and kind of road which the defendant company made to take the place of the other means of access and ways to and from said mill. Was it such a road as the public could travel over to and from said mill in the same manner and without greater difficulty than was experienced on the old ways. These are matters for you to decide. The defendant company was not bound to make any change in that part of the township road which was not disturbed by it. After having determined these facts, then if you decide the company did not furnish a road sufficiently good and sufficient to take the place of the old road and that the plaintiff has been damaged in a manner peculiar to himself, then we say to you the plaintiff is entitled to recover. If on the other hand you believe from the evidence that the road which has been constructed by the company furnishes just as convenient and good a route as was there before then we say he cannot recover.] [5]

[It is not the duty of the railroad company to make a better way, but it should make just as good a way as was in place before the change. If, therefore, you believe the defendant company, in making the change which it did, damaged the plaintiff in a way peculiar to himself and different to the public then

we say to you he can recover; if it did not then he cannot recover.] [6]

Verdict and judgment for plaintiff for $5,000. Defendant appealed.

*Errors assigned* were (1–6) above instructions, quoting them.

*John D. Dorris*, for appellant.—The request for binding instructions in favor of defendant should have been affirmed instead of refused: Gold v. Philadelphia, 115 Pa. 184; Hobson v. Philadelphia, 155 Pa. 131; Com. ex rel. v. Killinger, 1 Pearson, 257.

Public streets and highways belong to the commonwealth, and when the government sees fit to vacate them the consequential loss, if there be any, must be borne by those who suffer it: McGee's Appeal, 114 Pa. 470; Hartman v. Incline Plane Co., 159 Pa. 442; Penna. R. R. Co. v. Lippincott, 116 Pa. 472; Penna. R. R. Co. v. Marchant, 119 Pa. 541; Jones v. Erie & Wyoming Valley R. R. Co. 151 Pa. 30; Penna. Co. for Ins., etc., v. R. R. Co., 151 Pa. 334; Neff v. R. R. Co., 202 Pa. 371; Pittsburg Southern Ry. Co. v. Reed, 6 Atl. Repr. 838.

*H. H. Waite*, with him *Thos. F. Bailey*, for appellee.—We have a clear right of action if the nature of our injury is such as to entitle us to recover: Phillips v. Dunkirk, etc., R. R. Co., 78 Pa. 177.

A common-law action may be maintained against a corporation for an injury done to private property in the exercise of the right of eminent domain: Penna. Railroad Co. v. Duncan, 111 Pa. 352; P. & R. Railroad Co. v. Patent, 17 W. N. C. 198.

The damage must be peculiar to the person injured, differing both in degree and kind from that of the general public: Penna. R. R. Co.'s App., 115 Pa. 514; Penna. Schuykill Val. R. R. Co. v. Walsh, 124 Pa. 544; Penna. Co. v. R. R. Co. 151 Pa. 334.

OPINION BY MR. JUSTICE MESTREZAT, May 22, 1905:

The plaintiff is, and has been for many years, the owner of a gristmill which is situated about twenty-five yards south of the defendant company's railroad and near the north bank of the Juniata river, in Brady Township, Huntingdon county.

The village of Mill Creek lies on the north side of the railroad, and, in 1901, two public roads led from it to the mill, one crossing the railroad just west of the mill at grade, and the other, by an overhead bridge 420 feet east of the grade crossing. Customers of the mill approached by one route and departed. by the other. In 1901, the defendant company constructed two additional main tracks at this point on the south side of its road which necessitated the abandonment of the two crossings which led to the plaintiff's mill. As a substitute for the abandoned crossings the company constructed a new public road which passes under the railroad about 180 feet west of the former grade crossing. The plaintiff brought this action to recover damages for injuries which he alleges he has sustained by reason of the destruction of the two public roads crossing the railroad, and averred in the statement, inter alia, as follows: "That by reason of the overhead bridge and the grade crossing aforesaid, the patrons of his mill had convenient and easy access thereto, and that since the destruction of the said overhead bridge and the grade crossing, by said defendant, access to and from his mill has been rendered extremely dangerous and difficult, so that few, if any, of his former patrons will patronize his mill, and that the usefulness of his mill has been practically destroyed; that prior to the destruction of the bridge and grade crossing by the said defendant company, the mill afforded the plaintiff large profits by its operation and was a valuable and productive property; since the destruction of the said bridge and the said grade crossing by the defendant company, he has been unable to operate his mill except at a loss and has been compelled to cease operating it; . . . . that he has by reason of the destruction of the said overhead bridge and the said grade crossing suffered great and lasting injury peculiar to himself as owner of the said mill, and due to the peculiar location of the bridge and grade crossing relative to his mill." The case was submitted to the jury which returned a verdict for the plaintiff and, judgment having been entered on the verdict, the defendant has appealed.

The defendant company in its second assignment alleges error in the court's answer to its fourth point, which is as follows: "The plaintiff has failed to show any damage which is peculiar to himself and different in kind and degree from and

beyond that which is sustained by the general public." The court's answer was: "It is for the jury to determine whether the plaintiff has suffered any damage peculiar to himself." The correctness of this answer is the controlling and only question which requires consideration on this appeal. The counsel for the defendant contends that the question was one of law and not of fact to be determined by the jury. In this we do not concur.

In his charge, the learned trial judge said: "The Pennsylvania Railroad Company has under different acts of assembly been clothed with the right and authority to change and alter a public road in order to make improvements on its roadbed or for the better operation of its railroad, but it is also provided that if it does change and alter a public road it is bound to furnish the traveling public with another road to take its place, and we say to you further, that if in making such change or alteration the company damages any individual in a manner peculiar to that individual and different in kind and degree from and beyond that which is sustained by the general public, the company would be liable in damages to the private individual so injured. It is not the duty of the railroad company to make a better way, but it should make just as good a way as was in place before the change. If, therefore, you believe the defendant company, in making the change which it did, damaged the plaintiff in a way peculiar to himself and different to the public, then we say to you, he can recover; if it did not then he cannot recover."

It will be observed, therefore, that under the pleadings and the charge of the court the liability of the defendant company for damages in the case depended upon the question whether or not in the reconstruction of the public road, which the defendant company had taken in widening its railroad, the plaintiff was damaged "in a manner peculiar to himself and different in kind and degree from and beyond that which is sustained by the general public." If that question is found by the jury on sufficient evidence in the affirmative, the defendant would be liable, and under such finding the defendant company could not, and we do not understand that it does, deny its liability. We think there was ample evidence to go to the jury on the question. There was testimony to the effect that before the

change in the highways the patrons of the mill approached it by one crossing and departed by another; and that either was convenient and safe and afforded easy access to and from the plaintiff's mill. Usually, the customer approached the mill with his grain by the grade crossing and left it by the other route. On the other hand, it clearly appears, if the testimony is credible, that by the removal of the grade and overhead crossings and the construction of the new road, the mill is rendered very difficult of access, if not entirely inaccessible, by two and four horse teams in conveying grain to the mill and the product away from it; that by reason of the changes and resulting present conditions, the former large trade of the mill had left it and thereby made the property almost valueless for milling purposes. It is manifest from the testimony, if that is credible, that the injuries to the plaintiff, occasioned by the destruction of the former roads and the construction of the substitute way, are not only such as result simply from the plaintiff being deprived of the use of the abandoned crossings as ways of passage in common with the public, but also those that arise from the destruction of his valuable milling property by rendering it inaccessible to the public. The learned judge was, therefore, clearly right in submitting the question to the jury and subsequently in not disturbing their finding.

The learned counsel for the defendant company says in his printed brief: " The gist of the plaintiff's contention, therefore, was that the defendant company had not reconstructed the portion of the public road, ' on the most favorable location and in as perfect a manner as the original road,' as it was required by its charter to do." It is suggested that the remedy for such an injury is a proceeding under the act supplementary to the defendant company's charter, approved March 20, 1849, P. L. 196. It will be observed, however, that the question raised in the contention attributed to the plaintiff's counsel is not raised by the material averments of the plaintiff's statement, quoted above, and was not the question submitted by the court to the jury. The issue raised by the pleadings is not whether the defendant has reconstructed the abandoned highways " on the most favorable location and in as perfect a manner as the original road " as its charter required it to do, but whether by taking the former highways and in reconstructing the substi-

tuted way, the injuries resulting to the plaintiff are peculiar to himself and not such as are common to the public. In affirming defendant's point the trial judge told the jury that the defendant had the right to abandon the two crossings and to substitute therefor the subway, "if the jury believe that the defendant company constructed the substituted road in such a way as not to damage the plaintiff in a manner peculiar to himself and different in kind and degree from and beyond that which is sustained by the general public." That was the issue presented on the record and determined by the verdict of the jury.

We may say in conclusion, although not necessary to a decision of the issues involved in this case, that we entertain no doubt that where in the improvement of its road a railroad company occupies a public highway and supplies another, a common-law action may be maintained by a party injured thereby whose lands have not been taken in changing the site of the original highway, and whose injuries are peculiar to himself and different in kind and degree from those sustained by the general public.

The assignments of error are overruled and the judgment is affirmed.