## Whitney v. City of Pittsburgh.

*Constitutional law—Act of May 16, 1891.*

The act of May 16, 1891, P. L. 71, is constitutional: See Donley v. Pittsburgh, supra.

*Defects cured by the act of 1891.*

The act of May 16, 1891, is broad enough in its terms to cure such defects as the failure to secure the consent of the majority of property owners, as required by the act of April 1, 1868, P. L. 567, and the inclusion in the proceedings of the setting of curbstones.

Argued Jan. 22, 1892. Appeal No. 46, Oct. T., 1892, by plaintiff, from decree of C. P. No. 3, Allegheny Co., Feb. T., 1892, No. 554, dismissing a bill in equity. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Bill in equity by George I. Whitney against the city of Pittsburgh and J. J. Booth and William F. Flinn, contractors. The main averments of the bill were similar to those in Donley v. Pittsburgh, supra. Other averments are stated in the opinion of the Supreme Court.

*Johns McCleave, J. M. Swearingen* and *C. A. O'Brien,* for appellants.

*D. T. Watson* and *W. C. Moreland,* with them *T. D. Carnahan,* for the city of Pittsburgh.

*J. H. White,* for Booth & Flinn.

PER CURIAM, Febuary 1, 1892.

The bill filed in this case is similar in many respects to the one in Donnelly's Appeal, just decided. It includes, however, the contractors employed by the city, and has reference to the grading, paving and curbing of Centre avenue, from Soho street to Highland avenue. It also avers that § 11 of the act of April 1, 1868, P. L. 567, required a petition of the owners of a majority in interest of property abutting on the street before such an improvement could be made in that territory, and that no such petition was obtained. It also avers that, under the acts just referred to, the city was precluded from including in the ordinance and contract the setting of curbstones.

Assuming these objections to be well taken, we are of opinion that the act of 1891 is broad enough in its terms to cure these defects. The most that can be said is, that the work referred to was done without lawful authority, and this is the defect which the act was intended to cure.

The decree is affirmed and the appeal dismissed at the costs of the appellant.