# Howell v. Morrisville Borough, Appellant.

*Road law—Vacation—Damages—Act of May 16, 1891, P. L. 75.*

The vacation of a public road is not an injury to the abutting landowners for which compensation must be made.

Neither the constitution of 1874 nor the Act of May 16, 1891, P. L. 75, gives a right to damages for the vacation of a public highway.

The Acts of May 16, 1891, P. L. 65, 69, 71 and 75, explained.   Daughters of American Revolution v. Schenley, 204 Pa. 572, followed.

| 212 | 349l |
| f212 | 487 |

| 212 | 349 |
| 30 SC | ¹478 |
| e 30 SC | ¹480 |

| 212 | 349 |
| f 32 SC | ¹556 |
| f 32 SC | 557 |

| 212 | 349 |
| 38SC | 270 |

Argued Feb. 8, 1905.   Appeal, No. 30, Jan. T., 1905, by defendant, from judgment of C. P. Bucks Co., Sept. T., 1902, No. 15, on verdict for plaintiff in case of Lewis A. Howell v. Morrisville Borough.   Before MITCHELL, C. J., DEAN, BROWN, MESTREZAT and POTTER, JJ.   Reversed.

Appeal from report of viewers.   Before STOUT, P. J.

At the trial the question turned on the right to recover damages for injuries alleged to have been sustained by the vacation of a part of Green street in the borough of Morrisville.

The defendant presented these points :

2. There is no legislative provision for the recovery of damages against the borough of Morrisville for the vacation of a street, or part thereof, in the said borough, and in the absence of such legislation the borough is not liable, and the verdict must be for the defendant.   *Answer :* It is true that in the absence of legislative authority for that purpose the said borough of Morrisville is not liable for damages for the vacation of a street, or a part thereof; but it is not true that there is no legislative authority for that purpose.   The point is refused. [2]

3. Under all the evidence the verdict must be for the defendant.   *Answer :* Refused. [3]

The court charged in part as follows :

[Now the point in the trial of this case has been made that inasmuch as the vacated portion of the street does not touch the Howell property, there can be no recovery of damages; the court takes a different view, and instructs you that notwithstanding that the vacated portion of the street does not touch the Howell property, yet, if it specially and materially

affects the value of that property, the plaintiff can recover damages to such an extent as the special damage may be, and that is what you are to determine.  Now the court instructs you that the plaintiff cannot recover for damages and inconveniences that are common to the public in general, to all the people who have occasion to use the streets in common with Mr. Howell, for such damages Mr. Howell cannot recover, but for damages and such injuries to this property as specially and materially affect the property of Mr. Howell, for that damage he can recover.  The law under the act of 1891, the legislature has provided that boroughs may vacate streets, and by so doing injure property, and for such injuries assessments of damages may be made and damages may be recovered.] [4]

[By the vacation of Green street from Coleman avenue, extending on toward the Howell property, the access to the public streets of the borough is entirely cut off so that the portion of Green street west of Smith street is what is known as a cul de sac, or blind alley ; that is, it is a street now that runs in but having gone some distance beyond the Howell property just stops ; it leads to nowhere, so that as the Howell property is now located on a street that leads from Smith street to nowhere, although the vacated part of the street at no point touches the Howell property.] [5]

Verdict and judgment for plaintiff for $2,700.  Defendant appealed.

*Errors assigned* were (2–5) above instructions, quoting them.

*N. H. Larzelere,* with him *Lewis R. Bond,* for appellant.— Until the new constitution and the general Act of May 16, 1891, P. L. 75, it must be conceded that neither right nor remedy existed : Paul v. Carver, 24 Pa. 207 ; McGee's App., 114 Pa. 470 ; Melon Street, 182 Pa. 397 ; Wetherill v. Penna. R. R. Co., 195 Pa. 156.

The act of May 16, 1891, created no new or additional liability for damages, and at most simply provided a remedy where such liability already existed : Davis v. County Comrs., 153 Mass. 218 (26 N. E. Repr. 848) ; Hammond v. County Comrs., 154 Mass. 509 (28 N. E. Repr. 902) ; Stanwood v. City of Malden, 157 Mass. 17 (31 N. E. Repr. 702) ; Melon Street, 1

Pa. Superior Ct. 63 ; Sensenig v. Lancaster, 20 Lanc. Law Rev. 129.

*William C. Ryan*, for appellee.—The appellee has suffered an injury to his property that is proximate, immediate and substantial : Melon Street, 182 Pa. ¯397 ; Mellor v. Philadelphia, 160 Pa. 614; Snyder v. Lancaster, 20 W. N. C. 184 ; Chatham Street, 191 Pa. 604.

The right to recover compensation for such an injury has been given by the state in the Act of May 16, 1891, P. L. 75.

The case of Daughters of the American Revolution v. Schenley, 204 Pa. 572, decides no more than this, that the Act of May 16, 1891, P. L. 75, does not provide for an appeal from an ordinance vacating a street.

In the late case of Nocton v. Borough of Norristown, 20 Montg. 194, it was held by President Judge SWARTZ, that the owner of property which does not abut upon the portion of the street vacated, but which is left in a cul de sac by such vacation, is entitled to a jury to assess damages under the act of 1891.

OPINION BY MR. CHIEF JUSTICE MITCHELL, June 22, 1905 :

The vacation of a public road is not an injury to the abutting landowners for which compensation must be made. In Paul v. Carver, 24 Pa. 207, it was said " surrendering the right of way over a public road to the owners of the soil is not taking private property for public use, and the proprietors of other land incidentally injured by the discontinuance of the road are not entitled to compensation." And in McGee's Appeal, 114 Pa. 470, after quoting with approval the foregoing passage from Paul v. Carver, it was explicitly held that under the present constitution, the vacation of a street is not subject to the constitutional condition that compensation shall be made for property taken, injured or destroyed. In Wetherill v. Penna. R. R. Co., 195 Pa. 156, it was said, " vacating a street takes no property from any one. It merely restores to abutting owners their portion of the land, freed from the servitude of the public way. There is no constitutional right to damages, even on the ground of injury under the present constitution." And in Daughters of American Revolution v. Schenley, 204 Pa. 572 (583), our late Brother DEAN, after citing the foregoing cases

said : " As under the law thus established the abutting owner could not be damaged in his property by the vacation of a street or highway, he had no tangible interest which gave him a right of complaint ; a sentimental interest or artistic taste might be shocked by the closing up of an ancient street or highway, but this affected no property right and the complainant was not given the rights of an appellant.   The legislature by the act of 1891 adopted no new rule when it did not confer the right of appeal for vacation of a street on the abutting owner ; it merely accepted the law as it stood ; he was not damaged and therefore had nothing to appeal from."    And it may be added that it is not merely sentiment or taste but substantial convenience that may be affected unfavorably.   There is probably no change of an existing highway, or of any other established order of things, that does not to some extent cause practical inconvenience, and in that sense injury, to those who have adapted themselves to the previous conditions.   But it is an incidental result of a lawful act for which there is no legal liability.

It must therefore be accepted as settled law, that the vacation of a highway or street is not an injury to the abutting landowners within the provisions of the constitution requiring compensation, and in the absence of special legislative provision for damages none can be recovered.

These principles were not disputed either in the court below or here, and it would not have been necessary to restate them except to get clearly before our view the point from which we must approach the construction of the Act of May 16, 1891, P. L. 75, on which the learned judge ruled this case.    That the legislature has the power to provide for damages in such cases is beyond question : Howard Street, 142 Pa. 601 ; and we have cases, like Melon St., 182 Pa. 397, decided upon such special legislation.    The learned judge below was of opinion that the act of 1891 gave the right to damages for injury by vacation of the street.    As the act is one on which the courts of common pleas have differed widely, we have given it renewed and mature consideration, although the question was in effect settled by the case of Daughters of American Revolution v. Schenley, 204 Pa. 572, cited supra.

The act contains no express grant to property owners of the

right to damages for vacation, nor any clear implication of an intent to make such a grant. On the contrary, its purpose and scope looked in quite another direction. It had happened that in the development of municipal improvements in many parts of the state the burdens laid not only on taxpayers generally for damages, but also upon property owners in assessments for benefits, were thought to be oppressive even in rich communities like Pittsburgh where the improvements had been particularly expensive, and still more in the smaller towns. Hence a general resistance and contest of such claims and a crop of litigation that brought to view differences in the powers of cities, discrepancies in the statutes on the same subject, and gaps in legislation that left apparent powers abortive. Certain claims for paving, etc., had been filed under the Act of May 24, 1887, P. L. 204, which had been declared unconstitutional in Ayar's Appeal, 122 Pa. 266, and on May 23, 1889, P. L, 272, the legislature passed an act validating such claims, the preamble to which states the situation very clearly, " whereas local improvements of different kinds have heretofore been made in the cities of Pennsylvania, and the cost thereof assessed upon the abutting property, or the property benefited; And whereas it is doubtful whether the assessments made and levied to pay for said local improvements can be collected under existing laws; And whereas said cities are threatened with great loss unless said assessments can be collected; therefore be it enacted," etc. In City of Chester v. Black, 132 Pa. 568, this act was sustained on the ground that what the legislature might have authorized originally, it could ratify subsequently. This decision was rendered in 1890. Another Act, that of June 14, 1887, P. L. 386, had made special provisions for the appointment and powers of a standing board of viewers to assess property for municipal improvements in cities of the second class, under which very heavy assessments, as already noted, had been made in Pittsburgh. In Wyoming Street, 137 Pa. 494, decided in January 1891, these provisions of the act were struck down as contravening the constitution. In Pittsburgh's Petition, 138 Pa. 401 (decided March 16, 1891), Wyoming Street was followed and similar objections were sustained to the Act of May 16, 1889, P. L. 228, entitled " an act relating to streets and sewers in cities of the second class."

The result of this litigation was the continuance and increase of the state of doubt and confusion set forth in the preamble to the act of May 23, 1889, quoted, and the legislature of 1891 set itself to the task of finding a remedy. Four acts on the same general subject were passed and approved on the same day, May 16, 1891. The first, P. L. 65, was a remedial or curative act providing for the reassessment and collection of damages and benefits previously imposed in the opening, widening, etc., of streets under acts that had been declared or were invalid. This act came under consideration and was sustained in Twenty-eighth Street, 158 Pa. 464.

The second act, P. L. 69, was in form a general act " creating and regulating municipal liens and proceedings thereon," but was intended as a curative act as appears from the provision, inter alia, that " the municipal improvements for which a lien may be filed shall include all improvements heretofore made or now in progress or hereafter made, and the assessments or reassessments to be made," etc.

The third Act, P. L. 71, was a counterpart of the first, supra, but providing for the cases of claims for grading, paving, etc., of streets, and the construction of sewers. This act was sustained in Donley v. Pittsburg, 147 Pa. 348; Whitney v. Pittsburg, 147 Pa. 351; Bingaman v. Pittsburg, 147 Pa. 353; and Dawson v. Pittsburg, 159 Pa. 317.

The fourth Act, P. L. 75, is the one with which we are specially concerned in the present case. It is in form and intent a general act, but it is part of the series of curative acts on the subject and manifestly intended as a blanket supplement to the others, to supply deficiencies and confirm doubtful powers under existing legislation. The enacting parts, sections first (amended so as to include changes of grade by the Act of June 12, 1893, P. L. 459), eighth and ninth follow the same phraseology " all municipal corporations of this commonwealth shall have power whenever it shall be deemed necessary " in the opening, widening, vacating, etc., of streets, constructing bridges, sewers, changing water courses, etc., " to take, use, occupy or injure private lands, property or material," to provide for ascertainment of damages, and to assess its proportion of cost upon property benefited. It is a uniform grant of power to municipalities of all grades, supplementary

as already said to their existing authority, and in aid of their ability to reimburse themselves for the cost of the improvements. It is true that in the title, and in sections one and three the vacation of streets is included, but this is in accordance with the blanket quality of the intended supplement of municipal powers. The act applies in terms to " all municipal corporations of this commonwealth " and its provisions were carefully made broad enough to be applicable to all. Some of them under special statutes were already liable for damages for injury by the vacation of streets : Melon Street, 182 Pa. 397, and care was taken that they should not be excluded from the benefits of the act. But its purpose was the protection of the interest of the cities, and there is neither express provision nor clear implication anywhere in the act of any intent to increase the obligations of the cities or enlarge the rights or claims of property holders. As to them, as said by our Brother DEAN in Daughters of American Revolution v. Schenley, 204 Pa. 572, already cited, the act adopted no new rule but merely accepted the law as it stood.

Even if the purpose of the act were less plain than it is, the court would not be justified in stretching its terms by a loose construction to cover the exceptional case of vacation of roads. The general rule is founded, not only on sound reasoning but also on sound policy and justice. While it may be admitted that substantial injury may occasionally result from the vacation of a street, yet it is exceptional, and confined to closely built cities. Even there if damages are provided for they should be most carefully hedged about to prevent the inevitable tendency to run off into speculative and shadowy claims that have no real foundation. No better illustration is needed than the present case. Plaintiff's property is on the corner of Green and Smith streets. No part of it abuts on the vacated portion of Green street, the nearest point being 295 feet away. His light, air, ingress and egress are not in any way affected, but if he desires to drive westward towards Bristol he has to make a turn along Smith street about 150 feet to reach the new Green street, where he has a better paved road on a rather better grade, and leading to exactly the same places as the old or vacated part of the street. Nothing could be plainer than that his alleged injury was a

mere inconvenience the same in kind and little if any greater in degree than that of all the people of the vicinity having occasion to use the street in that direction, and yet a jury was found to give him the preposterous verdict of $2,700, more than one-quarter of his own valuation of his entire lot before its alleged damage.

But the act of 1891 not applying to the case there was no basis for the proceeding, and the defendant's point to that effect should have been affirmed.

Judgment reversed.