212      485
32 SC  556

# Rockafeller, Appellant, *v.* Northern Central Railway Company.

*Railways—Road law—Vacation of road—Damages.*

Where a railroad company vacates a road and substitutes another for the one vacated, it will not be liable in damages to a landowner for the vacation of the original road.

Argued April 24, 1905. Appeal, No. 272, Jan. T., 1905, by plaintiff, from order of C. P. Cumberland Co., Sept. T., 1904, No. 127, discharging rule to appoint viewers in case of Thomas B. Rockafeller v. The Northern Central Railway Company. Before MITCHELL, C. J., DEAN, FELL, BROWN and ELKIN, JJ. Affirmed.

Petition for the appointment of viewers to assess damages for injuries alleged to have been caused by the vacation of a public road.

The defendant filed an answer in which it was alleged, inter alia, as follows :

3. Defendant before closing up any portion of said public roads specified in the plaintiff's petition caused the said state road to be reconstructed at its own proper expense on the most favorable location, running with same direction and connecting with the other portion thereof, and in as perfect a manner as the former roads had been constructed, as required by the act of assembly of February 19, 1849, after which defendant opened and dedicated said newly constructed road to public use, and the same was adopted as a public road by the supervisors of said township, and was in public use, at and before the filing of the plaintiff's petition, and ever since said dedication to public use, has been and still is, used as a public road by the traveling public, in place of these portions of the former roads which were closed up by the defendant.

6. That plaintiff does not in his petition allege any such taking from him by the defendant, of land, buildings, materials, or other property, as entitles him to have viewers appointed to assess his damages for such taking, and defendant avers further that the alleged personal inconvenience of the plaintiff in not having as direct access or as short a route as heretofore by public road to Marysville and other points referred to in his petition, is not such an injury to the lot of ground therein described, as entitles him to the appointment of viewers to assess damages to him therefor; nor is there any other allegation in his petition entitling him to an assessment of damages by viewers.

The case was heard on petition and answer.

The court discharged the rule.

*Error assigned* was the order of the court.

*Wetzel & Hambleton*, with them *R. M. Henderson* and *J. Webster Henderson*, for appellant.

*Nevin M. Wanner*, with him *Rupley & Brinton*, for appellee.

PER CURIAM, June 22, 1905 :

The principles governing this class of cases have been fully

discussed in Howell v. Boro. of Morrisville, ante, p. 349.  On its material facts this case is not distinguishable from McGee's Appeal, 114 Pa. 470, which is conclusive against appellant's claim.

Order affirmed.