Nocton, Appellant, v. Pennsylvania Railroad Company.

*Road law—Vacation of streets—Damages—Montgomery county—Acts of May 9, 1871, P. L. 639 and May 16, 1891, P. L. 75.*

The vacation of a highway or street is not an injury to the abutting owners within the provisions of the constitution requiring compensation, and, in the absence of special legislative provision for damages, none can be recovered.

The Act of May 16, 1891, P. L. 75, contains no express grant to property owners of the right to damages for vacation, nor any clear implication of an intention to make such grant. This being so, the fact that the street was vacated upon the petition of the parties who are benefited thereby cannot change the result.

The special Act of May 9, 1871, P. L. 639, relating to road law procedure in Montgomery county does not give the right to recover damages for the vacation of roads or streets in that county.

Argued Dec. 5, 1906.   Appeal, No. 129, Oct. T., 1906, by plaintiff, from judgment of C. P. Montgomery Co., Oct. T., 1904, No. 82, on verdict for defendant in case of John J. Nocton, Executor of John J. Nocton, deceased, v. Pennsylvania Railroad Company.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, HEAD and BEAVER, JJ.   Affirmed.

Appeal from report of jury of view.   Before SWARTZ, P. J.

From the record it appeared that the jury of view awarded damages to the plaintiff for $1,250 for the vacation of Strawberry alley in the borough of Norristown, and assessed the same against the Pennsylvania Railroad Company.   The lat-

ter company appealed.   At the trial the court directed a verdict for defendant.

Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* was in directing a verdict for defendant.

*Henry Freedley*, for appellant.

*N. H. Larzelere*, with him *C. Henry Stinson*, for appellee.

OPINION BY RICE, P. J., February 25, 1907 :

It must be accepted as settled law that the vacation of a highway or street is not an injury to the abutting owners within the provisions of the constitution requiring compensation, and in the absence of special legislative provision for damages none can be recovered: Howell v. Morrisville Boro., 212 Pa. 349. It was decided in the same case that the Act of May 16, 1891, P. L. 75, contains no express grant to property owners of the right to damages for vacation, nor any clear implication of an intention to make such grant.   This being so, the fact that the street was vacated upon the petition of the parties who are benefited thereby cannot change the result: McGee's Appeal, 114 Pa. 470 ; Rockafeller v. Northern Central Ry. Co., 212 Pa. 485.

But it is contended that the act of 1891 includes cases where municipalities were already liable for damages under existing laws, and that there was such liability in Montgomery county under sec. 1 of the special Act of May 9, 1871, P. L. 639, which reads as follows : " That from and after the passage of this act the court of quarter sessions of Montgomery county, by and with the consent of the town councils, shall have jurisdiction to inquire of, lay out, open, widen, vacate or change any public street, road or alley, within the limits of any incorporated borough in said county, whether the said streets and alleys have heretofore been laid out by commissioners appointed by act of the legislature or otherwise, in the same manner as is provided by law for the laying out, opening, widening, vacating or changing of other public roads within said county ; and damages to the owners of land injured thereby shall be assessed as provided under the general road laws of the commonwealth." The language of this act does not more clearly show an intent

to give the right to recover damages for vacation than does the language of the third section of the act of 1891, which is: " The payment of damages sustained by the making of the improvements aforesaid, or by the vacation of any public highway, may be made either in whole or in part by assessments upon the property benefited by such improvements, as said viewers may determine and the court approve." It is stated by the appellant's counsel that Norristown is a borough specially incorporated, and that previous to 1871 no power existed even in the courts to lay out, widen, alter and vacate any street, the court's power being limited to opening streets laid out by the commissioners when necessity arose. And in the opinion of the learned judge it is stated that in this borough, and several other boroughs of Montgomery county, the streets and alleys were laid out by commissioners appointed by the legislature, that a doubt arose whether the court of quarter sessions had any jurisdiction over the streets so laid out, and to remove this doubt the act of 1871 was passed. He says: " The sole purpose of the first section of the act was to bring the borough streets of Montgomery county under the general road laws, provided the borough first gave its consent to the proceeding in the quarter sessions." The special acts applying to boroughs of Montgomery county have not been cited to us, with the exception of the act of 1871, but it seems quite clear from either of these statements of their general effect that the primary purpose of the law was to extend the power of councils and the court with regard to laying out, opening, widening and vacating streets. Having done this, the act goes on to provide that the damages are to be assessed as provided in the general road laws of the commonwealth. But there was no provision in the general road laws of the commonwealth which at that time gave a right to damages for the vacation of a street. The reasoning of Howell v. Morrisville Borough and Daughters of the American Revolution v. Schenley, 204 Pa. 572, leads to the conclusion that the effect of the enactment of 1871 was to supply deficiences and confirm doubtful powers under existing legislation, and perhaps confer new powers upon the court and councils, but not to grant the right to have damages assessed in favor of anyone where the general road laws contained no provisions for the assessment of such damages.

We appreciate the force of the argument of appellant's counsel based on the supposed parallel between the act of 1871 and the special act of 1858 applying to Philadelphia county, under which it has been held that damages may be recovered for the vacation of a street. But the similarity between the two acts is not such as necessarily to lead to the same construction. In the act of 1858 it is expressly provided " that it shall be the duty of juries selected to assess damages for the opening, widening or vacating roads or streets within the said city, to ascertain and report to the court, first, what damages the parties claiming the same are entitled to; and second, to assess and apportion the same among and against such owners of land as shall be benefited by such opening, widening or vacating any such road or street." This language very clearly implies an intent to grant the right of recovering damages in case of vacation. The right is not made dependent, either expressly or impliedly, upon the provisions of the general road laws of the commonwealth, as it is in the act of 1871. We are constrained to hold that the plaintiff was not entitled to recover, and, therefore, no error was committed in giving binding instructions for the defendant.

Judgment affirmed.