## Smith's Case.

W. W. Rice, for petitioner; Luke Baker, contra.

BARNETT, P. J., July 28, 1928.—The petitioner, John C. Smith, is the owner of a tract of land, situate in Carroll Township, containing about ten acres. The western portion of the land is rectangular in shape, about 243 feet in width, and 769 feet in length from east to west. Its western boundary-line is in the centre of the old road leading from Carlisle to Bloomfield. Upon the western end of the rectangle, near to the road and facing it, stands the petitioner's dwelling-house, and immediately in the rear of it his garage. About 150 feet east of the garage is a barn and chicken-house. The road was taken over by the Commonwealth as State Highway Route No. 40. In the construction, reconstruction and improvement of this route its course was changed at and near the petitioner's property and the new portion of the road was made to pass over petitioner's land, from south to north, about midway between the dwelling-house and garage on the west and the barn and chicken-house on the east. Upon the application of the petitioner, viewers were appointed to assess the damages resulting to him from the location and construction of the new highway.

In the report filed by the viewers, the following facts, among others, are found:

4. That by reason of the relocation of the State highway, Route No. 40, at petitioner's premises, *(a)* about one-fourth of an acre of ground is appropriated, of the value of $25; *(b)* twenty-nine rods of new fence are required, to build which will cost $29; *(c)* the new road passes between petitioner's house and barn and he will suffer the inconvenience of crossing a much-traveled highway to get from that part of his land which is west of the new highway to that part of it which lies east of said new highway; but nearly all of said petitioner's farm land is on the east side of the road on which his barn and water for his stock are. The damages by reason of the road's passing between the house and barn is the sum of $152.

5. The principal claim of the petitioner to damages arises from the fact that the old road is in front of his house and the new road is to the rear of his house. The old road is not vacated, and whether it ever will be remains to be seen. There is very little travel on the old road and much travel on the new road. The petitioner had reasonable grounds for believing, before he built his new house, that the new road would be located to the east of the present site of his house. With his house fronting as it is, the petitioner cannot sit on his front porch and watch the procession of automobiles pass along the new highway. This prospect or view is lost to the petitioner. The same situation would have arisen had the location of the road been anywhere else to the east of his house, even if a mile away, over other lands than his.

If the petitioner were entitled to recover any damages for this deprivation of the prospect or view, the depreciation in the market value on his property on this score would be $200.

6. The depreciation in the market value of petitioner's land caused by the construction of the new highway is the sum of $206.

The viewers in their report award to the petitioner the sum of $206 as damages.

Exceptions filed by the petitioner make the following objections to the report:

1. The viewers failed to apply the proper measure of damages, viz., the difference between the fair market value of the petitioner's property immediately before the construction of the new road and its value immediately after as affected by such construction.

2. The fifth finding of fact is erroneous in that it seems to assert "as a principle of law that a land owner is not entitled to recover damages arising from the depreciation in the fair market value of his land caused by the relative location of a public road on his land as compared with the buildings thereon and the other parts thereof."

3. The viewers erred in not including in the amount of their award the sum of $200, fixed in the fifth finding of fact as the measure of depreciation in value because of the loss of view of the traveled highway from the front of the dwelling-house.

4. The viewers erred in holding, in the second conclusion of law, that "the petitioner is not entitled to recover damages because the traffic is diverted from the old roadway to the new road."

5. The viewers erred in their third conclusion of law that "a land owner is not entitled to recover damages because of the vacation of a road, and, therefore, not for acts which simply divert traffic from a road not actually vacated."

6. "The viewers erred in failing to conclude, as a matter of law, that the petitioner is entitled to recover damages arising from the depreciation in the

fair market value of his land caused by the relative location of the new road on his land as compared with the buildings thereon and other parts thereof."

7. The amount of the award is not assessed according to the legal measure of damages and does not include elements of damage for which the petitioner is entitled to be compensated.

The exceptant requests that the report be referred back to the viewers with an order to assess damages according to the measure set forth in their fourth conclusion of law, and to include in their award allowance for any depreciation caused by the relative location of the new road as related to the buildings and the other parts of exceptant's land.

In their fourth conclusion of law the viewers state as the rule for the admeasurement of damages that "the land owner is entitled to recover the difference between the fair market value of his property immediately before the construction of the said road and immediately thereafter, as affected by the construction of the new road." That this is a correct statement of the rule is unquestioned. Applying the maxim *omnia præsumuntur rite esse acta,* we must assume that the viewers assessed the damages in accordance with the rule: Road in South Abington Township, 109 Pa. 118, 121; English *v.* English, 19 Pa. Superior Ct. 586, 595; Broom's Legal Maxims (8th ed.), § 945. Aside from the presumption that the rule was observed by the viewers in determining the amount of their award, the very fact that in their report they referred to the rule as the legal measure of damages is convincing evidence that they were governed in their deliberations by it, and this is further demonstrated by the language of their sixth finding of fact: "The depreciation in the market value of the petitioner's land caused by the construction of the highway is the sum of $206.00." It is argued that the fourth finding of fact, specifying the elements of injury, and appraising them at sums which aggregate the exact amount of the award, shows conclusively that the rule for the assessment of damages was ignored, and that the viewers did what numerous decisions hold may not properly be done, determined the elements of injury, attached a figure to each element, and then announced the sum of these figures as their award, without consideration of the value of the entire property, before and after the construction of the road. We are not convinced that this is true. Both the petitioner and the county were represented at the view by counsel; we gather from the argument that witnesses on both sides of the issue testified to their opinions of the before and after values; doubtless this testimony was commented upon by counsel in arguments to the viewers. When, after all this, the viewers in their report state as a conclusion of law the well-settled rule for assessing damages, and find damages in language indicating that they understood and followed the rule, we feel that we should do violence to the record by sustaining the first and seventh exceptions. In the trial of issues such as this before a jury, witnesses are always permitted to particularize the elements of damage and place estimates upon them, to justify and explain their testimony as to the difference between the values of the property as a whole, before and after the taking. The intention of the viewers in presenting their fourth finding of fact, as we understand it, was merely to indicate the basis of fact and figure upon which they arrived at their conclusion under the rule they themselves correctly announced. If there is a difference in value of land before and after a taking or construction, there must be something to cause it, and the witness who testifies to, or the tribunal which determines, the existence of such difference is not convincing, if elements and estimates accounting for the difference cannot be given.

The second and sixth exceptions assume that the viewers failed to consider, as affecting the question of damages, the "relative location of the new road on (the petitioner's) land as compared with the buildings thereon and other parts thereof." That the viewers did consider this matter, and that they regarded it as an element requiring compensation, is shown by item (c) of the fourth finding of fact. That they considered the question carefully is further shown by the fifth finding of fact, in which they disallow a part of the claim for damages made on the ground of the location of the road relatively to the buildings, while allowing the claim in part in item (c). We do not find either of these exceptions to be well founded.

The third, fourth and fifth exceptions all relate to the refusal of the viewers to regard as an element of damage the diversion of public travel from the old road, in front of the petitioner's house, to the new road in the rear. It is clear that the viewers were right in their conclusion. The old road has not been vacated and is still open to use by the public. Even if it had been vacated, its vacation would not have afforded a ground for recovery against the county: Saeger v. Com., 258 Pa. 239; Howell v. Morrisville Borough, 212 Pa. 349. When the new highway was constructed, the portion of it which crossed the petitioner's land, connecting north and south of it with the old road, was a short cut and a better surfaced road than the old. Naturally, the public, although still free to travel the old road, adopted the new, but the consequence of this voluntary choice of the public is damnum absque injuria. In such cases as Weinschenk v. Western Allegheny R. R. Co., 233 Pa. 442, 448; Hewitt v. Railroad Co., 19 Pa. Superior Ct. 304, 308, and Robinson v. Pennsylvania R. R. Co., 6 Pa. Superior Ct. 383, 393, the elements which constitute compensable injury are pointed out. In State Highway Route No. 72, 71 Pa. Superior Ct. 85, the damages to be considered and the statutory provisions under which they may be allowed are elaborately discussed. From these and like cases it is apparent that damages are to be awarded only for the actual taking of the owner's property and such injury as may result to the remaining property from such taking. A property owner has no interest in or title to a highway upon which his land abuts, or in the public use of the highway, above that of any resident of the community. See Saeger v. Com., Howell v. Morrisville Borough, supra. To award the petitioner damages for the diversion of traffic from the old road to the new would be to assume for his benefit a property right he does not have.

It is contended in the brief for the petitioner that the viewers misunderstood his claim; that it was not for the diversion of public travel from the front to the rear of his house and the consequent loss of the view of the panorama from his front porch, but for the injury to the privacy of his home, caused by the construction of the road in its rear. Such a claim, however, is only a phase of the general complaint of injury from the location of the new road relatively to the petitioner's buildings, and this element of damage was considered by the viewers and made in part the basis of their award, as appears above in the discussion of the second and sixth exceptions. If they made any allowance because of the alleged invasion of privacy, it was not necessary that the report should specify it; if they made none, it must be presumed that they were not convinced that the petitioner was entitled to it.

And now, July 28, 1928, the exceptions are all overruled and dismissed, and the report of the viewers is confirmed; to which decree the petitioner excepts, and at his instance a bill of exceptions is sealed.

From J. N. Keller, New Bloomfield, Pa.