## Cox, Appellant, v. City of Philadelphia.

Argued October 28, 1932.

Before
TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*B. Graeme Frazier, Jr.,* and with him *Bertram G. Frazier* of *Frazier & Frazier,* for appellant.

*James Francis Ryan,* Assistant City Solicitor, and with him *David J. Smyth,* City Solicitor, for appellee.

OPINION BY TREXLER, P. J., January 25, 1933:

The plaintiff is the owner of property on the west side of Park Avenue distant 186 feet from what was formerly Green Lane, but now Spencer Street. By or-

dinance of the City of Philadelphia, the bed of the old street was incorporated into the new one, the street broadened and at the intersection of Spencer Street and Park Avenue there was an offset of 3½ feet by reason of the grade, Spencer Street being lower than Park Avenue. During the progress of the work access from Spencer Street to Park Avenue was entirely barred, but at the conclusion of the work there was a road of temporary character opened, so that wagons or autos could pass from Spencer Street into Park Avenue; although in rainy weather the passage for heavy vehicles was difficult. The continuity of the sidewalk was interrupted and pedestrians were compelled to use the street in passing from Park Avenue to Spencer Street. Park Avenue from plaintiff's property southerly to Champlost Avenue, which is the next street to the south running parallel with Spencer Street, was in a bad condition, filled with deep ruts and almost impassable during rainy weather, but we do not think that this situation is involved in the present inquiry. However, there is no doubt that the better way of approaching plaintiff's property before Spencer Street was graded was through that street, and not from the next street to the south. We wish to emphasize that there is still access from Spencer Street to Park Avenue. One can drive in and out although pedestrians must walk in the middle of the street. Plaintiff, herself, admits that one can come in and out over the roadway.

There is no question that where by reason of the municipality shutting off access at one end of a street a property is put in a cul-de-sac, the owner is entitled to recover damages for the deprivation of approach to his property, but the cases holding this do not apply to the present. There is no doubt that the access to the plaintiff's house is not as good as it was before Spencer Street was graded, but as we have stated the street is open to the public and used by the public, and

458

affords access to plaintiff's dwelling. If plaintiff were successful in this suit she would recover damages not because access to her dwelling has been taken away, but because the street through which the approach is had is in bad condition. The damage she seeks to recover is the difference between the market value of her property before and after the change was made. It is for a permanent injury. The condition upon which the damages would be assessed would be on the assumption that it was continuing. If the city improves the situation and makes a good approach instead of the bad one that now exists, the property will resume its former value. There is nothing in the case to show that the condition of the street at the intersection of Spencer Street and Park Avenue is permanent. We may presume that the city will not allow the condition described by the witness to remain. If it does the, plaintiff will suffer with the rest of the public, for if we can accept as verity the description given, the situation might constitute a *public* nuisance indictable at common law. Com. v. New Bethlehem Boro. 15 Pa. Superior Ct. 158. The plaintiff cannot claim damages merely for the grading of Spencer Street for her property is too far away from Spencer Street to have suffered any substantial, permanent or proximate injury from such grading. The inconvenience, she suffers by being compelled to go up-grade from Spencer Street a steeper grade than heretofore to reach her property is the same as all persons in the vicinity using the street must suffer. Howell v. Morrisville Boro. 212 Pa. 349, 61 A. 932. In order that she may recover she must have suffered damages which are permanent, obvious, proximate, immediate and substantial. Hoffer v. Reading Co. 287 Pa. 120, 134 A. 415; Bodemer v. Northampton Co. 101 Pa. Superior Ct. 492; Holmes & Holmes v. P. S. C. 79 Pa. Superior Ct. 381. These elements are not present in this case.

The judgment is affirmed.