# Elizabeth Lewis *v.* Borough of Homestead, Appellant.

194      199
 27 SC   483

194      199
 31 SC   637

194      199
220      ²310

194      199
137SC  ¹190

194      199
225      130

*Road law—Change of grade—Boroughs—Ordinance.*

Borough authorities alone have power to change the grades of streets and alleys, and an ordinance authorizing a raising of the tracks of a railroad company, which necessarily involves changes in grades of streets, must be construed as an ordinance of a borough providing for changes in the grades of its highways crossed by the railroad.

An ordinance providing for the change of grade of a railroad covers a street whose grade must necessarily be changed by the change of grade of the railroad, although the street is not specifically named in the ordinance.

Where a change of grade of a borough street is made under the Act of May 24, 1878, P. L. 129, a person whose property is injured by the change of grade is entitled to damages, although no change of grade was made immediately in front of his property.

A borough cannot complain that an appeal from a report of viewers changing the grade of a street was tried as if it were an action of trespass for the recovery of damages, where the record shows that the trial judge fully and carefully cautioned the jury against considering any damages except those caused by the change of grade.

Argued Nov. 1, 1899. Appeal, No. 169, Oct. T., 1899, by defendant, from judgment of C. P. No. 1, Allegheny Co., June T., 1898, No. 80, on verdict for plaintiff. Before GREEN, McCOLLUM, MITCHELL, DEAN, FELL and BROWN, JJ. Affirmed.

Appeal from report of jury of view. Before COLLIER, J.

The facts are fully stated in the opinion of the Supreme Court.

Defendant's point and the answer thereto were as follows:

Under all the evidence the plaintiff is not entitled to recover, and the verdict should be for defendant. *Answer :* Refused.

Verdict and judgment for plaintiff for $2,000. Defendant appealed.

*Error assigned* was above instruction, quoting it.

*John F. Cox,* with him *Edwin W. Smith,* for appellant.—The grade of City Farm Lane was not changed by the ordinance of October 9, 1894: Com. v. Beaver Borough, 171 Pa. 542; 2 Trickett on Penna. Borough Law, sec. 34.

There was no change of grade of the street in front of Mrs. Lewis's lot: Mellor v. Philadelphia, 160 Pa. 614.

The case was tried like an action of trespass. Where in an action of trespass brought to recover such damages there is also a claim for injuries alleged to have been caused by negligence in the grading, and the question of a different remedy for the two injuries has not been fully presented, a venire de novo will be awarded in order that it may be determined whether the act of assembly is not inapplicable to part of the damages: Borough of Beltzhoover v. Gollings, 101 Pa. 293.

The act of 1878 is very clear in its provisions that the proceeding by viewers shall only be where the "proper authorities. of any borough change the grade or lines of any street and alley," etc.

There is no denial that a fill was made from the railroad back to the line of Mrs. Lewis's property. If this work of filling up the slope was done by the borough officers or agents it may be liable in trespass: Brink v. Dunmore Borough, 174 Pa. 395.

*Franklin P. Iams*, with him *Cyrus C. Brock*, for appellee.—
The defendant must seek redress under the statute for what-
ever damages he may have sustained by reason of the change
of grades : Borough of Beltzhoover v. Gollings, 101 Pa. 293.

There is abundant evidence in this case to show beyond all
controversy that a change of grade of eighteen inches of City
Farm Lane was made under direction of the borough engineer
in compliance with the ordinances.

Defendant's claim that, because there was little or no change
of grade immediately in front of plaintiff's property on City
Farm Lane, there can therefore be no recovery in this case, is
effectually disposed of in the case of Mellor v. Philadelphia,
160 Pa. 621.

OPINION BY MR. JUSTICE BROWN, December 30, 1899:

This was an issue awarded on an appeal from the report of
viewers appointed to assess damages alleged by Elizabeth Lewis
to have been caused to her property by changing the grade of
City Farm Lane, a street in the borough of Homestead.   The
petition for the appointment of viewers sets forth the injury
done by the change of the grade of the street, and it was a mere
inadvertence on the part of the viewers to call it Heisel street.
The issue was on the matters appearing in the petition, and no
importance is to be attached to the merely formal mistake made
by the viewers in naming the street, to which our attention has
been called in appellant's history of the case.

The appellee owned a lot of ground in the borough of Home-
stead, abutting on City Farm Lane.   Fifty feet north of this
lot the Pittsburg, McKeesport & Youghiogheny Railroad crossed
this street ; and the borough of Homestead, by ordinance passed
October 9, 1894, authorized the railroad company to change the
grade of its tracks from McClure street to the eastern borough
limits, in accordance with an attached plan.   The ninth section
of this ordinance provided that at City Farm Lane there should
be an overhead crossing spanning the entire street.   By ordi-
nance passed March 4, 1895, this section was repealed.   In
pursuance of the first ordinance the tracks were raised, and
their raising necessitated a change in the grade of City Farm
Lane, the change extending from the railroad crossing to the
line of the property of Mrs. Lewis.   But a single error has

been assigned, which is the refusal of the court to affirm the only point submitted by the defendant: " That under all the evidence the plaintiff is not entitled to recover, and the verdict should be for the defendant." In support of this assignment it is contended, first, that there was not a change of grade of City Farm Lane by the ordinance of October 9, 1894, and therefore there can be no recovery in this form of proceeding. The ordinance is entitled, " An ordinance granting unto the Pittsburg, McKeesport and Youghiogheny Railroad Company the right to change the grade of its tracks from McClure street to the eastern line of the borough in the borough of Homestead ; " and the 1st section is as follows : " Be it ordained and enacted by the borough of Homestead in council assembled, and it is hereby ordained and enacted by the authority of the same : that the Pittsburg, McKeesport & Youghiogheny Railroad Company be and is hereby authorized to change the grade of its tracks in the borough of Homestead from McClure street to the eastern line of the borough, in accordance with the plan hereto attached, designated and marked plan ' G ' No. 19." Section 5 provides that the construction shall be under the direction of the borough engineer. This, of course, included the raising of the tracks of the railroad company at the street crossing, and the evidence shows that whatever was done in changing the grade of the street made necessary by the raising of the tracks the railroad company and the borough authorities did, acting in conjunction. Borough authorities alone have power to change the grades of streets and alleys, and the ordinance authorizing a raising of the tracks of the railroad company, which necessarily involved changes in the grade of the streets, must be construed as an ordinance of the borough providing for changes in the grades of its highways crossed by the railroad. No other construction would be reasonable. The railroad company had permission simply to raise its tracks. That the street crossed might properly conform to them when raised, a change in grade became necessary ; and as the raising of the tracks was by authority of the ordinance, the change in the grade of the street which followed was made under it. We are therefore of the opinion that the change of grade of City Farm Lane was made under the ordinance of October 9, 1894, and that the proceedings for the recovery of damages were properly instituted under the act of May 24, 1878.

It is further contended that, as there was no change of grade immediately in front of plaintiff's property, there can be no recovery. The act of May 24, 1878, expressly provides that in all cases where the proper authorities of a borough within this commonwealth change the grade of any street or alley, or in any way alter or enlarge the same, thereby causing damage to the owner or owners of property abutting thereon, without the consent of the owner, proceedings shall be instituted for the recovery of the damages sustained. The proceedings before us are under that act. It does not provide that the property must abut on the changed grade of the street, but on the street which may have been altered in any way, at any point, so as to cause damage to the property. What is said by the present chief justice in Mellor v. Phila., 160 Pa. 615, in sustaining a judgment for damages done to a property which did not front or abut on the street whose grade had been changed, effectually disposes of the second objection. He there said : " The respective claims of the plaintiffs to compensation were based on the constitutional provision that ' municipal and other corporations and individuals invested with the privilege of taking private property for public use shall make just compensation for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements.' . . . . Const. art. 16, sec. 8. Defendant's contention was that this provision is inapplicable to any of the cases under consideration, because neither of the properties fronts or abuts on either of the streets, the grade of which was changed. This would indeed be a very narrow and unreasonable construction of the words above quoted, especially in view of the history and object of the constitutional provision. It was intended to provide against the great injustice that was continually resulting from the ruling of this court in O'Connor v. Pittsburg, 18 Pa. 189, that ' the constitutional provision for the case of private property taken for public use extends not to the case of property injured or destroyed.' In connection with this statement of the controlling. principle in that case, Mr. Chief Justice GIB-SON suggested that the omission might be supplied by ordinary legislation; but no such legislative action was ever taken. It was not until the adoption of our present constitution, nearly a quarter of a century thereafter, that an appropriate remedy

was provided in the form of the section above quoted. In doing this the people of the commonwealth recognized in a practical way the justice of compensating private property owners, not only for property taken, but also for property injured or destroyed by municipal and other corporations and individuals of the specified class by the construction and enlargement of their works, highways or improvements. There is nothing in the phraseology of the section that can be even tortured into a limitation of its provisions to property fronting or abutting on the particular work, highway or improvement, by the construction or enlargement of which said property was injured or destroyed. The section in question cannot be thus narrowly construed without reading into it words which are not in it and were never intended to be there." This same question was discussed by our Brother FELL in In re Melon Street, 182 Pa. 397, in an elaborate opinion, from which we extract the following and apply it to the case before us : " Where the part of a street in front of a property is vacated, the owner's right to compensation is conceded, but the right is denied unless there is an actual vacation and closing of the part of the street on which the property abuts. It is evident, however, that without the impairment of the owner's outlet in one direction his property may be rendered comparatively worthless by a change in the physical condition of a street. To draw the line between owners who may and owners who may not recover, at the point where the deprivation of access is total, is to draw it arbitrarily. The abutting owner's special right in a street as a means of access to his property is not limited to the part of the street on which his property abuts. Such a limitation of the right would deny him compensation if all of the street except the part immediately in front of his property were vacated. His right is the right of access in any direction which the street permits."

It is still further contended by the defendant that there can be no recovery in this action, because it was tried as if it were one of trespass for the recovery of damages that did not result from the changed grade of the street, but from other causes. The learned judge in submitting the case to the jury cautioned them against considering any damages except those caused by the change of the grade. He told them that if they found the

property to have been injured, the plaintiff could not recover unless the injury resulted "from the change of grade alone, because in this action, it being under an act of assembly, you can find only the damages done by reason of the change of grade, not by the neglect to put a proper sewer there, because that is an action that is independent of this, and a suit for that must be brought. Any allowance for anything of that kind would only subject the case to be tried over again. This is a proceeding under an act of assembly for damages for changing the grade, the damages done by that, if you find that caused the damage." And in instructing them as to the proper measure of damages he said: "It is the difference in value before and after the grade, as affected by the grade. . . . The measure of damages is: What is the difference in the market value before the grade was made and immediately after the grade as affected by it?"

The change of grade in this street having been made by the borough of Homestead by virtue of an ordinance, the plaintiff being entitled to recover any damages she may have sustained, even if the change of the grade was not immediately in front of her property, and the question at issue having been properly submitted by the court below to the jury, the assignment of error is overruled and the judgment affirmed.