## Ruscomb Street.

*Road law—Vacation of street—Damages.*

Where the effect of the vacation of a street is not to cut off access to lots from any direction, but merely to make it necessary to travel farther than before to reach them, the owner of the lots sustains no injury which will entitle him to recover damages for the vacation of the street.

Argued Oct. 13, 1905. Appeal, No. 106, Oct. T., 1905, by Sallie Houston Henry, Administratrix c. t. a. of Charles W. Henry, deceased, from order of Q. S. Phila. Co., Feb. T., 1903, sustaining exceptions to report of viewers In the Matter of the Vacation of Ruscomb Street. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Exceptions to report of viewers. Before VON MOSCHZIS-KER, J.

The opinion of the Superior Court states the facts.

*Errors assigned* were in sustaining exceptions to report of jury of view.

*William E. Caveny*, with him *Bayard Henry*, for appellant. —The appellant was entitled to damages: Howard Street, 142

Pa. 601; Hare v. Rice, 142 Pa. 608; Pennsylvania S. V. R. R. Co. v. Ziemer, 124 Pa. 560; Mellor v. Philadelphia, 160 Pa. 614.

*John H. Maurer*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, for appellee.—The recent case of Howell v. Borough of Morrisville, 212 Pa. 349, is decidedly an authority in favor of the appellee's contention. Whilst it is true the court held that the Act of May 16, 1891, P. L. 75, and its supplements afforded no remedy for injuries due to the vacation of a public street, the court did most emphatically condemn the verdict of the jury, and no doubt would have reversed if that had been the only question before it.

OPINION BY RICE, P. J., April 23, 1906:

It is argued that by the vacation of that part of Ruscomb street between the western line of the Germantown and Chestnut Hill Railway and the eastern line of Twentieth street, the appellant is deprived of one mode of ingress and egress to and from her lots which abut on Ruscomb street between Twentieth street on the west and Nineteenth street on the east, and that this is a special injury for which she is entitled to damages measured by the consequent depreciation in the value of these lots. The copy of the map or plan printed in the appellant's paper-book, which we assume forms part of the record, shows that access to these lots from the east, north and south by way of Ruscomb street, and intersecting streets to the east of the lots, is not disturbed, and that access by way of Twentieth street, which bounds them on the west, is left as it was before the vacation; also, that Twentieth street north of Ruscomb street was not opened at the time of the view, but was opened to the south. The effect of the vacation, as we understand the situation described by the map, is not to cut off access to the lots from either direction, but it is apparent that to reach them from East Logan street, which is the western terminus of Ruscomb street, and other points to the west of Twentieth street, it is necessary to travel farther than before. Upon these facts the learned court held, that the appellant had not sustained injury which would entitle her to recover damages, and therefore sustained the city's exceptions and set aside

the report of viewers, as far as damages were thereby awarded to her. The same action was taken with regard to the award of damages for the alleged injury to lots of the appellant which are east of Twentieth street and abut on streets connecting at a right angle with Ruscomb street.

In the recent case of Howell v. Morrisville Borough, 212 Pa. 349, Chief Justice MITCHELL, after citing Paul v. Carver, 24 Pa. 207; McGee's Appeal, 114 Pa. 470; Wetherill v. Penna. R. R. Co., 195 Pa. 156, and Daughters of the American Revolution v. Schenley, 204 Pa. 572, said: "It must therefore be accepted as settled law, that the vacation of a highway or street is not an injury to the abutting landowners within the provision of the constitution requiring compensation, and in the absence of special legislation providing for damages none can be recovered." It was decided in the same case that the Act of May 16, 1891, P. L. 75, makes no such provision. Therefore the case turns upon the construction of the 6th section of the Act of April 21, 1858, P. L. 385, local to Philadelphia, which, so far as material in the present discussion, provides: "That it shall be the duty of juries selected to assess damages for the opening, widening or vacating of roads or streets within said city, to ascertain and report to the court: first, what damages the parties claiming the same are entitled to; and, second, to ascertain and apportion the same among and against such owners of land as shall be benefited by such opening, widening or vacating any such road or street." The statute does not declare who shall be entitled to claim damages, or what shall be a lawful basis for such claim, but it would be unreasonable to suppose that the legislature intended to leave this to the unguided judgment of the jury of view, and to entitle every person to claim them who can convince the jury that his property, whether abutting on the street or not, has depreciated in value. The settled construction of the act is that, as the basis of the right to compensation, the landowner must show a special injury to the property concerned: Howard Street, 142 Pa. 601; Hare v. Rice, 142 Pa. 608; and his loss must be direct and proximate, and so obvious and substantial as to admit of calculation: In Re Melon St., 182 Pa. 397. In that vigorously contested case it was held that owners of lots on Melon street midway between Ninth street on the east and Tenth street on

the west had standing to claim damages for the vacation of Ninth street and the eastern end of Melon street, although they did not abut on the part of the street vacated. The decision was put upon the ground that the owner of land fronting on a street has a special interest or right therein as a means of access to his property, and " as affecting this right no distinction can be drawn between a partial and a total deprivation of access; the impairment of the right is a legal injury differing in degree only from its total destruction." In illustration of the operation of the legal principle Mr. Justice FELL, who delivered the opinion of the Supreme Court, said : " If the street is vacated on both sides of his property so as to cut him off from other streets, his means of access is as effectually destroyed as if the entire street were vacated. If the street is vacated on one side only and his property is left at the end of a cul-de-sac ; if the street is decreased in width so as to be impassable to vehicles ; or if one means of access is taken away by the closing of a back street or alley, his injury may be less, but the difference is one of degree only. In either case he has sustained a loss by the destruction of an important element in the market value of his property, and he has been injured in a legal sense." The case decides that deprivation or impairment of the right of access, which appertains to the ownership of land abutting on a street, may be the basis for a legitimate claim for damages under the statute, and that such deprivation or impairment may occur by the vacation of a part of the street, although such part is not immediately in front of the claimant's land. But whether the abutter has such special right in the entire street, from its beginning to its end, as gives him standing to claim damages where the part vacated is in another block, no matter how remote, and access to his lot on either side from the general system of streets in that vicinity is afforded by the intersecting streets which bound the block in which his lot is situated, is a question which did not arise in that case and was not expressly decided. Nor can we agree with the learned counsel for the appellant that the principle upon which the case was decided necessarily involves an affirmative answer to the question. On the contrary, the illustrations given by Mr. Justice FELL, and the part of his opinion which immediately follows what we have quoted, tend to show that the court did not intend to lay down

a general rule which would govern a case presenting such conditions as we have just described. The suggestion of the appellee's counsel that the Melon street decision has been overruled by the recent case of Howell v. Morrisville Boro., 212 Pa. 349, is not tenable. The case referred to was in no way questioned in the opinion in the latter case, nor was its authority in any degree shaken. It is true, however, that the utterances of the Supreme Court in Daughters of the American Revolution v. Schenley, and Howell v. Morrisville Boro. while not decisive of the precise question, give support to the conclusion reached by the learned judge below, that the inconvenience suffered by the property owner in such a case as we are considering is the same in kind, though perhaps differing in degree, as that of all the people of the vicinity having occasion to use the street in the direction of the part vacated, and therefore is not an injury in a legal sense for which he is entitled to compensation. This conclusion is supported likewise by the great weight of authority outside this commonwealth, as shown by the cases cited in his able and exhaustive opinion, reported in 14 Pa. Dist. Reps. 177. It is considered by this court that it is the correct conclusion under the special facts appearing of record.

The order of the court below as far as it relates to the exceptions filed by the city to the awards of damages to the appellant is affirmed.