# Ruscomb  Street.

*Road law—Vacation of street—Cul-de-sac—Damages.*

Where the effect of the vacation of a street is not to cut off access to lots from any direction, but merely to make it necessary to travel farther than before to reach them, the owner of the lots sustains no injury which will entitle him to recover damages for the vacation of the street; but where the vacation of a part of a street leaves to the lots on the remainder of the street but one mode of access from the general system of streets in the vicinity, whereas before the vacation there were two, damages will be allowed to the owners of such lots.

The fact that between the vacated part of a street and the next

intersecting street there are blind streets, which open out of the street, but afford no means of access to the general system of streets in the vicinity, cannot prevent the application of the printiple upon which Melon Street, 182 Pa. 397, was decided. It may affect the damages, but upon that question the owner is entitled to be heard before the jury on appeal.

Reargued Oct. 16, 1906. In the matter of the vacation of Ruscomb street.

The case was previously argued on October 13, 1905, and an opinion filed by RICE, P. J., on April 23, 1906. The case is reported in 30 Pa. Superior Ct. 476.

OPINION BY RICE, P. J., February 25, 1907 :

This is the same case that is reported in 30 Pa. Superior Ct. 476. As shown by the opinion, the decision there reported was based on our supposition that Twentieth street was an open street and connected with the general system of streets to the south of Rockland street. This supposition was warranted by the map or plan submitted, and we discovered nothing in either paper-book to show that the map or plan was incorrect in this particular. But it was alleged in the application for reargument, and is now conceded by counsel for the city, that the map or plan was not correct and that at the time of the vacation, as well as of the view for assessment of damages, Nineteenth street, Uber street and Twentieth street were not open north of Ruscomb street or south of Rockland street, and that Rockland street was not open. The situation is sufficiently shown for present purposes by the following sketch. It is thus seen—speaking now of the lots abutting on Ruscomb street between Nineteenth street on the east and Twentieth street on the west—that the vacation of a part of Ruscomb street west of Twentieth street left but one mode of access from the general system of streets in the vicinity, whereas before the vacation there were two. Were it not for Twentieth street, Uber street and Nineteenth street, the case, so far as the properties above referred to are concerned, could not be distinguished from the Melon street case, 182 Pa. 397. But the fact that between the vacated part of a street and the next intersecting street there are blind streets, which open out of the street, but afford no means of access to the general system

of streets in the vicinity, cannot prevent the application of the
principle upon which that case was decided.   It may affect the
damages, but upon that question the owner is entitled to be
heard before the jury upon the pending appeal from the report
of viewers, unless upon the trial of the case facts are developed
which do not now appear.   It follows that the assignments of
error which relate to the lots abutting on Ruscomb street must
be sustained.

The other assignments relate to lots which do not abut on
Ruscomb street, nor upon streets that are closed at one end by
the vacation of the part of the street between Twentieth street
and the western line of the Germantown and Chestnut Hill
Railway.   Access to these lots from Ruscomb street, and from
the general system of streets lying west of Nineteenth street,
remains undisturbed; but in order to reach East Logan street
it is necessary to travel further than before the vacation.
Notwithstanding the able and earnest argument of appel-
lant's counsel we remain of opinion, after full reconsideration
of the question, that this is not such a special injury, dif-
fering in kind from the inconvenience sustained by property

owners on other streets, and other members of the public desiring to reach East Logan street by way of Ruscomb street, as gives the owner of these lots standing to claim damages by reason of the vacation of the portion of Ruscomb street above described. The general subject is fully discussed in the opinion of the learned judge below and our former opinion, and we do not deem it necessary to add anything further.

And now, February 25, 1907, after reargument and reconsideration of this appeal, the order heretofore made is changed so as to be as follows : The first, third and tenth assignments, and the seventh assignment, so far as the latter assignment relates to the lot on the southeast corner of Twentieth and Ruscomb streets, are sustained, and the order of the court below so far as it relates to the lots referred to in the foregoing is reversed: the second, fourth, fifth, sixth, eighth, ninth and seventh assignments so far as it relates to the premises on Twentieth street at corner of Rockland street, are overruled, and the order so far as it relates to the several lots referred to is affirmed.