# Parry *v.* Cambria & Indiana Railroad Company, Appellant.

*Practice, Supreme Court—Appeals—Assignments of error—Defective assignments—Eminent domain—Condemnation proceedings—Market value of land—Cost of fencing—Evidence—Relevancy.*

1. While it should affirmatively appear that witnesses called to testify to the value of land taken in condemnation proceedings, have actual knowledge of the facts which affect the value, assignments of error complaining of the admission of testimony on the ground that the witness has not qualified, will be overruled, where they are defective and misleading in omitting the preliminary examination of the witness, wherefrom his qualifications to testify sufficiently appear.

2. In such proceedings evidence of the cost of additional fencing made necessary by the taking, is competent not to establish a distinct item of damage, but as an element tending to detract from the market value of the land affected.

Argued Oct. 5, 1914.   Appeal, No. 119, Oct. T., 1914, by defendant, from judgment of C. P. Indiana Co., March T., 1911, No. 186, on verdict for plaintiff, in case of Ford Parry v. Cambria & Indiana Railroad Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ.   Affirmed.

Appeal from award of viewers.   Before TELFORD, P. J. The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $1,700 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were the third assignment, referred to in the opinion of the Supreme Court, and the first and second assignments, which were as follows:

1.—The court erred in admitting the testimony of R. D. Holmes as follows:

"Q.—From your knowledge of the Ford Parry farm and the market value in the community, what was the market value of the Ford Parry farm immediately before the condemnation and occupation of it by the railroad company, for railroad purposes?

"The question is objected to for the reason that the witness has not qualified himself to answer it.

BY THE COURT:

"Objection overruled, exception noted and bill sealed.

"A.—$7,500."

2.—The court erred in admitting the evidence of E. B. D. Holmes as follows:

"Q.—From your knowledge of market values, in the neighborhood of the Ford Parry farm, what was the market value of his farm, excluding the coal and mining rights, at and immediately before the appropriation of the right of way through it by the railroad company?

"Objected to as the witness has not qualified himself to testify as to the market value, and the testimony is objected to as incompetent.

BY THE COURT:

"Objection overruled, exception noted and bill sealed.

"A.—$7,500."

*D. B. Taylor,* for appellant.

*J. N. Banks,* with him *Cunningham & Fisher,* for appellee.

OPINION BY MR. CHIEF JUSTICE FELL, January 2, 1915:

When, in condemnation proceedings, a witness is called to testify to the value of the land taken or injured,

it should affirmatively appear that he has actual knowledge of the facts which affect the value. His testimony should not be received, against objection, on his mere assertion that he knows the value of the land before and after taking, and it rests upon the party calling him to show that he has knowledge sufficient to qualify him to testify; Michael v. Crescent Pipe Line Co., 159 Pa. 99; Friday v. Railroad Co., 204 Pa. 405. The first and second assignments of error would therefore be sustained if they fully represented what took place at the trial, but they do not. They are defective and misleading in omitting the preliminary examination of the witnesses in which they testified fully to their knowledge of the land in question, the use to which it was adapted, the extent of the injury done as affecting its market value, and its market value before and after the construction of the defendant's road. The assignments are overruled.

The only remaining assignment that calls for notice is the third which relates to the proof of the cost of fencing. The railroad occupies a strip of land 100 feet wide and 1,100 feet in length, extending through the plaintiff's farm and cutting off sixteen acres from the main body of this land. Proof of the amount of additional fencing required and the cost thereof was not offered to establish a distinct item of damage. It was admitted under an offer to show the extent to which the fencing would detract from the market value of the land and to this purpose it was carefully restricted by the charge of the learned trial judge who instructed the jury not to fix a lump sum for the additional cost of operating the farm and to consider the expense of necessary fencing only as it would affect the market value of the property. The witness had before testified that the division of the farm into two parts made additional fencing for the protection of cattle necessary. Proof that the increased burden of fencing would detract from the value of the farm was competent; Pittsburgh, Bradford & Buffalo Ry. Co. v. McCloskey, 110 Pa. 436; Pittsburgh, Virginia

& Charleston Railway Co. v. Vance, 115 Pa. 325; Curtin v. Railroad Co., 135 Pa. 20. An intelligent estimate of the extent of the burden thus imposed could not be made without knowledge of the cost thereof. Testimony of this character was said to be competent in Dawson v. Pittsburgh, 159 Pa. 317, and that the cost of raising a house that had been left in a depression by the elevation of the grade of a street might be shown as an element affecting the market value. In Patton v. Philadelphia, 175 Pa. 88, it was held that evidence of the cost of filling required to make a lot available for use at a new street grade was admissible. In Coons v. McKees Rocks Borough, 243 Pa. 340, the admission of evidence to show the cost of raising buildings to conform to a new grade was sustained and in Hill v. Oakmont Borough, 47 Pa. Superior Ct. 261, it was held that evidence was properly admitted to show the cost of building a retaining wall made necessary by a change of grade of borough streets. We find no error in the record that calls for a reversal. The judgment is affirmed.