## Edgemont Street.

*Road law—Vacation of street—Access—Damages.*

An owner of property is not entitled to damages for alleged injuries arising from the vacation of a portion of a street, where it appears that the effect of the vacation was not to cut off access to the claimant's property from any direction, but merely to make it necessary, when going in one direction, to travel a short distance further in order to reach the system of streets in that direction.

Argued Oct. 9, 1916. Appeal, No. 14, Oct. T., 1916, by John W. Sheets, Sr., from order of Q. S. Philadelphia Co. Court No. 4, Dec. T., 1912, dismissing exceptions to report of Board of Viewers in the Matter of the Striking from the City Plan and Vacating Edgemont Street from Boston Avenue to Cumberland Street. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Exceptions to report of board of view.
The opinion of the Superior Court states the case.

*Error assigned* was in dismissing the exceptions.

*Frederick J. Knaus,* for appellant, cited: Mellor v. Philadelphia, 160 Pa. 614; Howard Street, 142 Pa. 601.

142, (1917).]    Arguments—Opinion of the Court.

*John P. Connelly,* City Solicitor, for appellee, cited: Melon Street, 182 Pa. 397; Ruscomb Street, 33 Pa. Superior Ct. 148.

OPINION BY PORTER, J., March 16, 1917:

Edgemont street, from the north line of Boston street to the south line of Cumberland street, a distance of one square, was, under the authority of an ordinance, duly stricken from the city plan and vacated. The appellant presented his petition to the court below alleging that his property had been damaged by the vacation of the part of the street in question and praying for the appointment of viewers to assess his damages. The viewers reported that all properties fronting on the part of Edgemont street which remained open and all properties fronting on Boston street, still have, after the vacation of that part of Edgemont street lying north of Boston street, access to the general system of streets in the neighborhood from both the north and south, but access from the north was less direct and less convenient. The viewers were of opinion that under the law, as decided in Ruscomb street, 33 Pa. Superior Ct. 148, the appellant was not entitled to recover damages, and so found. Mr. Sheetz filed exceptions to this report, which the court, being of opinion that the finding of the viewers was correct, overruled, and from that order we have this appeal.

The plans which accompany the report of viewers show that the appellant is the owner of seven contiguous houses which front on the south side of Boston street, one of the houses being situate at the southeast corner of Boston street and Edgemont street and extending back along the east side of the latter street. Boston street intersects Edgemont street between the property of the appellant and the part of Edgemont street which was vacated. The part of Edgemont street which remains open extends south from the north line of Boston street to York street, which street connects with the general system of streets to the east and west. Boston street ex-

tends eastwardly from Edgemont street, along and past the property of the appellant, to Salmon street, an open street which extends through from York street to Cumberland street, the latter seeming to be one of the principal streets, one hundred and twenty feet wide, connecting with the entire system of streets of the city.  Access to plaintiff's property from the south, east and west was not affected by the vacation of Edgemont street.  Access to the property from the north was to a certain extent affected.  The most direct way from a part of appellant's property northward to Cumberland street was over the part of Edgemont street which was vacated.  The distance from appellant's corner lot to the south side of Cumberland street having been one hundred and ninety-one feet and the distance which will not have to be traveled, from the same corner, along Boston street and Salmon street to Cumberland street, is about three hundred and thirty feet.  From the house at the east end of the row owned by appellant, however, the shortest distance to Cumberland street always was by way of Boston street and Salmon street.  It thus appears that while as to the greater part of appellant's property, the vacation of part of Edgemont street has increased the distance which persons must travel in order to reach Cumberland street, that increase is only about two hundred feet.

This is clearly a case where the effect of the vacation of a part of a street is not to cut off access to the lots from any direction, but merely to make it necessary, when going in one direction, to travel a short distance further in order to reach the system of streets in that direction.  Mature consideration of the very able brief furnished by counsel for the appellant has not enabled us to discover any ground upon which this case can be distinguished from Ruscomb Street, 30 Pa. Superior Ct. 476, and 33 Pa. Superior Ct. 148.  That case had been decided in the court below by Judge MOSCHZISKER then sitting in the Court of Quarter Sessions of Philadelphia

142, (1917).]          Opinion of the Court.

County, whose opinion was reported in 14 Pa. District Reports 177. The question was in the several opinions in that case so fully and so ably discussed that it is unnecessary to attempt any addition thereto.

The order of the court below is affirmed and the appeal is dismissed at costs of the appellant.