# Hedrick v. Harrisburg, Appellant.

*Municipalities—Vacation of street—Abutting property—Cutting off access—Cul-de-sac—Damages—Acts of May 28, 1913, P. L. 368, and June 27, 1913, P. L. 633.*

1. Liability for damages to property owners, arising from the vacation of a street, may be imposed by the legislature upon the municipality in which the street is situated, and is legally so imposed by the Acts of May 28, 1913, P. L. 368, and June 27, 1913, P. L. 633.

2. The general language of these statutes does not impose liability for the vacation of a street, if there is an intersecting street between the property alleged to be damaged and the portion of the street vacated, and the effect of the vacation is not to cut off access to the general system of streets from any direction, but only to make it necessary to travel a short distance further to reach them.

3. Where, however, the effect of the vacation is to put a plaintiff's property in a cul-de-sac, he may recover damages for the vacation of the street, even though the property does not abut directly upon the part which has been vacated.

*Statutes—Construction—Judicial construction of words—Words and phrases—Presumption.*

4. Where words and phrases appearing in a statute have received judicial construction, and are later used in a cognate statute, the presumption is that they were intended to be similarly interpreted.

Argued May 22, 1923.   Appeal, No. 17, May T., 1923, by defendant, from judgment of C. P. Dauphin Co., March T., 1919 No. 70, on verdict for plaintiff, in case of Jesse W. Hedrick v. City of Harrisburg.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Issue to determine damages alleged to be due for vacation of street.   Before HARGEST, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $20,967.   Defendant appealed.

*Error assigned,* inter alia, was refusal of judgment for defendant n. o. v.

*J. E. B. Cunningham,* with him *Spencer G. Nauman* and *Charles H. Bergner,* for appellant.—There is no legislative authority for the recovery of·damages by a property owner for the vacation of a portion of a street, unless the property abuts upon the vacated portion: Howell v. Boro., 212 Pa. 349; Vacation of Ruscomb St., 14 Pa. Dist. R. 177; Edgemont St., 66 Pa. Superior Ct. 142; P. R. R. v. Marchant, 119 Pa. 558.

*George R. Barnett,* with him *Beidelman & Hull,* for appellee.—Under article I, section 11, and article·XVI, section 8, of the state Constitution, plaintiff is entitled to recovery for an injury to his property due to the vacation of streets and the change of the grade of ′streets: Hammett v. Phila., 65 Pa. 146; Erdman v. Mitchell, 207 Pa. 79; Collins v. Kephart, 271 Pa. 428.

Under the Acts of May 28, 1913, P. L. 368, and June 27, 1913, P. L. 633, plaintiff is entitled to recover for an injury to his property due to the vacation of streets: .Kerlin v. Bull, 1 Dallas 178; Thomas's Election, 198 Pa. 546.

Under the Act of June 27, 1913, P. L. 568, regulating the government of third class cities, plaintiff is entitled to recover damages caused to his property by the vacation of streets.

. The case of Howell v. Morrisville Boro., 212 Pa. 349, does not control this case.

Under the Constitution and laws of this State private property cannot be injured without compensation, by a municipality, for the convenience or advantage of a private corporation: Ormsby Land Co. v. Pittsburgh, 276 Pa. 68.

OPINION BY MR. JUSTICE SIMPSON, June 23, 1923:

Conformably to an ordinance reciting that the improvement referred to therein was "made necessary for the construction and development of the proposed freight station and yards of the Pennsylvania Railroad Company, and the elimination of grade crossings," the City of Harrisburg entered into a contract with the railroad company, by which certain of the city's streets were to be either vacated, narrowed, or their grades changed. In accordance therewith Third Street was vacated south of Mulberry Street; and the latter street was so narrowed and changed that direct vehicular traffic by it, to the westward, was entirely cut off before reaching the main system of streets in that direction, only subways for pedestrians being provided at its intersections with Front and Second streets.

Plaintiff is the owner of a hotel property situated at the northeast corner of Third and Mulberry Place, the latter being a six-foot wide street, extending eastward from a point opposite the east end of Mulberry Street, which itself ran only to Third Street. The vacation,

narrowing and changing above specified, of course deprived this property of all access southwardly along Third Street, and westwardly along Mulberry Street, to the extent indicated. Claiming that this resulted in considerably depreciating the value of his property, plaintiff applied for a jury of view; from its report an appeal was taken to the court below; and, on the trial of the issue there awarded, plaintiff recovered the verdict and judgment in this case. From the latter the city appeals to this court, averring that although all of the witnesses,—its and plaintiff's alike,—testified that the value of his property had been greatly lessened by these improvements, still he was not entitled to recover, because it did not actually abut on the vacated portions of either of those streets.

In Donnelly *v.* Public Service Commission, 268 Pa. 345, 352, we said: "It is undoubtedly true that, prior to the adoption of the present Constitution, a property owner, whether abutting or otherwise, could not recover damages for the vacation of a street, and no such right is given by that instrument (Howell v. Morrisville Borough, 212 Pa. 349) ; but it is equally true the legislature may impose such liability upon a municipality (In re Vacation of Centre Street, 115 Pa. 247; In re Vacation of Howard Street, 142 Pa. 601; Hare v. Rice, 142 Pa. 608), and in so doing may determine to what class of owners it shall be given. If it is extended to those whose property is 'taken, injured or destroyed' by the vacation, recovery can be had if the street in front of the property thereby becomes a cul-de-sac, as it does here (Mellor v. Phila., 160 Pa. 614; In re Mellon Street, 182 Pa. 397; Lewis v. Borough of Homestead, 194 Pa. 199 ; Chambersburg Shoe Manufacturing Co. v. Cumberland Valley R. R. Co., 240 Pa. 519; Ruscomb Street, 33 Pa. Superior Ct. 148), and hence the only remaining question is: Has the legislature imposed such liability?" Under the facts above stated, this is likewise "the only remaining question" needing consideration in the instant case; and we

find that, by the Acts of May 28, 1913, P. L. 368, and June 27, 1913, P. L. 633, "the legislature [has] imposed such liability."

The first of these statutes provides "That the right to damages against cities, counties, boroughs, or townships, within this Commonwealth, is hereby given to *all owners* or tenants of lands, property, or material abutting on, or through which pass roads, streets, lanes or alleys, injured by the laying out, opening, widening, *vacating,* extending, or grading of said roads, streets, lanes or alleys, or the changing of grades or lines thereof, by said cities, counties, boroughs or townships......"

The second of them states "That whenever viewers are appointed to vacate any public road, street, or highway in this Commonwealth, and the vacation of the same takes no land from the owner or owners of land abutting thereon, if, in the opinion of the viewers so appointed, the vacation of said road, street, or highway, damages the property of the abutting owner, they may award damages to such owner or owners as though land had been actually taken, and such damages shall be paid as is now provided by existing laws where land is actually taken for the opening, vacation, and laying out of roads, streets, and highways."

So far as concerns the question under consideration, these acts are substantially alike; and appellant's contention is that the words "owners or tenants of lands ......abutting on", and "owner or owners of land abutting thereon," appearing in them, refer only to land which shall actually abut on the vacated part of a particular street. The statutes do not so provide, however. They do not use the words "part vacated," or anything equivalent thereto, and we have neither the right nor inclination to add them.

Moreover, the words "owner or owners of property abutting thereon," appearing in the Act of June 27, 1913, supra, are the exact words found also in that of May 24, 1878, P. L. 129, relating to damages where borough

streets and alleys are changed in grade or location; and, as used in this latter statute, they were construed, in Lewis v. Borough of Homestead, 194 Pa. 199, to apply as well to properties which did not as to those which did abut on the part of the street where the grade was changed. Hence, the "settled rule of interpretation that 'words and phrases, the meaning of which in a statute has been ascertained, when used in a subsequent statute, are [presumptively] to be understood in the same sense' " (Fulmer v. Com., 97 Pa. 503, 508; Sproul v. Murray, 156 Pa. 293), is controlling in the construction of this cognate Act of June 27, 1913, since there is nothing in it, or in any later decision of this court, which even suggests the possibility of an opposite conclusion.

Of course no recovery could be had if "there was an intersecting street between the property [of plaintiff] and the [portion of the] street vacated, and the effect of the vacation was not to cut off access to the general system of streets from any direction, but only made it necessary to travel a short distance farther to reach them": Holmes v. Public Service Commission, 79 Pa. Superior Ct. 381, 387, citing, inter alia, Ruscomb Street, 30 Pa. Superior Ct. 476, and 33 Pa. Superior Ct. 148, and Edgemont Street, 66 Pa. Superior Ct. 142,—in which last-named case this court dismissed an application for an appeal from the order of the Superior Court: Ibid. XXVII. Here, however, in order to reach the general system of streets to the southward and southeastward, persons leaving plaintiff's property must travel at least four other ways, whereas before this improvement was made Third Street and its connections gave full access in both directions.

The judgment of the court below is affirmed.