# Spang & Co. *v.* Commonwealth, Appellant.

*Road law—Damages—Reasonable access—Property not abutting —State highway department—Bridges—Act of July 26, 1913, P. L. 1374.*

1. While an abutting owner's special right in a street as a means of access to his property is not limited to the part of the street on which his property abuts, his right is that of reasonable access in either direction which a street permits.

2. Very slight inconvenience in the vacation and change of highways cannot be compensated in damages.

3. Where the inconvenience suffered by an owner is the same in kind and no greater in degree than could be claimed by all persons in the vicinity having occasion to use the street, he cannot be said to have suffered any permanent, substantial and proximate injury, and is not entitled to damages.

4. In the vacation of streets or highways, damages will not be allowed where the effect is to merely cause the owner to travel a short distance farther in order to reach a system of streets.

5. Damages will not be allowed under the Public Service Law of July 26, 1913, P. L. 1374, to a landowner because of the construction by the state highway department of a viaduct and new bridge to take the place of one washed away, where there was no vacation of any street, nor change of grade as to adjacent property, and the new bridge offers every reasonable facility of access to the claimant's property.

Argued October 6, 1924. Appeal, No. 35, Oct. T., 1924, by defendant, from judgment of C. P. Butler Co., March T., 1924, No. 29, on verdict for plaintiff, in case of Spang & Co. v. Commonwealth. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Appeal from decision of Public Service Commission refusing to award damages. Before REIBER, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $7,000. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v.

*John H. Wilson,* with him *Geo. W. Woodruff,* Attorney General, *Samuel Walker, John B.* and *Thomas H. Greer* and *Templeton & Whiteman,* for appellant.—The evidence does not establish such proximate, substantial and peculiar injury to plaintiff's property as entitles it to recover damages: Mellor v. Phila., 160 Pa. 614; Robbins v. Scranton, 217 Pa. 577.

*J. Campbell Brandon,* of *Brandon & Brandon,* for appellee.—The Commonwealth was liable: Francis v. Franklin Twp., 179 Pa. 195; Melon Street, 182 Pa. 397; Robbins v. Scranton, 217 Pa. 577; Holmes v. P. S. C., 79 Pa. Superior Ct. 381.

OPINION BY MR. JUSTICE KEPHART, November 24, 1924:

The northern terminus of the Allegheny & Butler Plank Road was on the north bank of the Connoquenessing Creek, which it crossed by a wooden bridge at the foot of Main Street in Butler Borough. The creek was at one time the southern line of the borough. About thirty years ago the borough was extended, taking in the bridge and land on the south side of the creek. The plank road company continued to exercise control over its road until March, 1913, when its rights were conveyed to the state highway department under the Sproul Highway Act of May 31, 1911, P. L. 468, 481, and was made part of Route 72.

Butler ₁Borough, now city, at no time exercised control over the plank road. In 1914 the bridge was closed by order of court because of its unsafe and defective condition. A little later one of the spans fell into the stream, and it was never afterwards used as a public highway. The State, in the fall of 1917, awarded a contract for the construction of a viaduct over practically the same route. The land on the south side of the

creek was so hilly that the way of the plank road and south Main Street, over which the viaduct was built, had a sixteen per cent grade to Morton Street, the next intersecting highway. From the creek and the bridge on the plank road, passing Etna Street a short distance, the plank road turns to the right, thence going southward through Butler to Allegheny. Along the creek in the city were two railroads.

The viaduct was designed by the state highway department as an elevated open crossing, being more suitable to the traveling public; its approach on the south side was nearly level with Brugh Avenue, a new street to be constructed between Morton and Etna under the proposed improvements. Under this structure, sufficient clearance was given on the old plank road, Etna and South Main, to enable vehicles to travel freely as before. To reach the viaduct and cross into old Butler proper from Etna Street, it was necessary to use the plank road a short distance, thence by a highway just constructed to the bridge which spanned the intervening space to the old town.

Work did not commence on the new bridge until after the war, and was not completed until 1921. Spang & Company, owners of a manufacturing establishment on Etna Street, about 125 feet from the viaduct, had formerly used the wooden bridge to go into old Butler, and, when the new viaduct was being constructed, claimed damages before the Public Service Commission, assigning as a reason that the new structure took away the old crossing (the wooden bridge) which it had used for some years before, and substituted the viaduct,—that they were obliged to travel a longer distance and over a grade at one point of eight or nine per cent. Access to their property from the south must be made in this way and from other points beyond Brugh Avenue. The Public Service Commission denied their application and, on appeal to the Common Pleas of Butler County, a verdict

and a judgment in their favor were sustained; hence this appeal.

It will be noted, the sole claim here made is for an unlawful interference with access to the land. There is no cul-de-sac, no vacation of a street by court authority or any act of a municipality, no interference with light and air, or annoyance from dust, noise or unusual circumstances. There was no physical change in the lines of Etna Street or any street east of plaintiff's land. All streets directly leading into appellee's property are open as heretofore; so are all connecting streets (including the plank road), with the exception of the wooden bridge, which, as stated, had fallen into the creek years before. Appellee's claim for damages is under the Public Service Company Law of July 26, 1913, P. L. 1374.

The mere fact that appellee's property does not abut on the viaduct, if it is otherwise entitled to damages, will not preclude recovery, if it comes within the designation adjacent: Donnelly v. P. S. C., 268 Pa. 345, 352. But the facts here do not show the vacation of any street, nor do they show such change of grade as relates to an adjacent property, to bring it within the compensation class. It does show that two grades were established for the plank road, something akin to an elevated railroad, —one starting from Brugh and Main streets, by way of the viaduct across the creek and railroads, to old Butler, and the other as it theretofore existed in the same condition as in 1914, when the court ordered the bridge closed. The status of the cartway of the old plank road was not materially disturbed. True the wooden bridge was not reconstructed, and if we concede it never could be rebuilt, and the act of the highway department in constructing the overhead viaduct was pro tanto a vacation of so much of the highway, appellee, Spang & Company, is in no better position, as the new bridge afforded every reasonable facility of access, to the same extent as prior to 1914, and to a much larger degree since the time the bridge was closed that year.

While an abutting owner's special right in a street as a means of access to his property is not limited to the part of the street on which his property abuts, his right is that of reasonable access in either direction which a street permits. Every slight inconvenience can-- not be compensated in damages. The inconvenience here suffered was the same in kind and no greater in degree than could be claimed by all persons in that vicinity having occasion to use the street. See Howell v. Morrisville Boro., 212 Pa. 349, 355. When the proper- ties are so situated that their ingress and egress are affected by a change of grade, impairing the value of the land, the owners are entitled to damages: Mellor v. Phila., 160 Pa. 614. But where, as here, there is afforded safe and convenient access to the property, they could not be said to have suffered any permanent, substantial and proximate injury as the result of the change. In Hedrick v. Harrisburg, 278 Pa. 274, 279, we said there could be no recovery if "there was an inter- secting street between the property and the street va- cated, and the effect of the vacation was not to cut off access to the general system of streets from any direc- tion, but only made it necessary to travel a short distance farther to reach them." We quoted from Holmes v. P. S. C., 79 Pa. Superior Ct. 381, 387, and reiterated the statement of the law in Edgemont Street, 66 Pa. Supe- rior Ct. 142; Ruscomb Street, 30 Pa. Superior Ct. 476, and 33 Pa. Superior Ct. 148. The underlying principle is, damages will not be allowed where the effect of the disturbance to the highway is merely to cause the owner to travel a short distance farther in order to reach the system of streets in that direction. Actual damage is the test in a case of interference with access to and from the property. Donnelly v. P. S. C., 268 Pa. 345, 353. Here it is quite evident, considering the subject of access alone, it was but slightly interfered with. Adding the fact that we do not have an absolute vacation of a street, or a change of grade, it is clear the court

was in error in permitting the verdict to stand. It may be well to observe, the City of Butler constructed in the rear of appellee's land Brugh Avenue, 40 feet in width, enhancing the value of his property.

The judgment of the court below is reversed, and is here entered for the defendant.