## Bodemer *v.* County of Northampton, Appellant.

Argued December 9, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*Francis E. Walter,* for appellant.—Damages for consequential injuries are recoverable only where the right is expressly given by statute: Jackman v. Rosenbaum, 263 Pa. 158; Hoffer v. Reading Co., 287 Pa. 120.

Loss of profits and business due to the diversion of traffic as a result of improvement is not a proper item of damage: Spang & Co. v. Commonwealth, 281 Pa. 414; Pittsburgh and Western R. R. Co. v. Patterson, 107 Pa. 461; Becker v. Philadelphia & Reading R. R. Co., 177 Pa. 252.

*Asher Seip,* and with him *Smith & Paff,* for appellee. —The plaintiff can recover for a substantial interference with access to his premises: Donnelly v. Public Service Commission, 268 Pa. 345; Lafean v. York County, 20 Pa. Superior Ct. 573; Foust v. Penna. R. R. Co., 212 Pa. 213.

Opinion by Keller, J., February 27, 1931:

In proceedings for the abolition of a series of dangerous railroad grade crossings on State Highway Route No. 165, from Easton to Bangor and Stroudsburg, the Public Service Commission ordered the vacation and closing of so much of the road as crossed nine railroad tracks—four separate crossings—, and a county bridge over Martin's Creek, and laid out in its place a new road on the west side of Martin's Creek, and, at a distance of half a mile from the abolished grade crossings, intersected it with a new concrete road, with an overhead bridge, leading eastwardly to Mt. Bethel.

Before the crossings were abolished, a road forked off from the main highway to the right at a sharp or

acute angle, a short distance north of the county bridge, which led to Mt. Bethel. The plaintiff's property (hotel and gasoline filling station) was located on old highway route 165 and directly opposite this fork, about 700 feet from where the new state highway began, and a very short distance away from the old county bridge, which was ordered to be closed and demolished. Before the change every traveler on this road from Easton whether, at the forks, he went northwestwardly to Bangor, or northwardly to Mt. Bethel, passed the plaintiff's place. After the change, the road southward from the fork ended in a cul de sac or dead-end at the abandoned bridge, and travelers from Easton to Bangor or Mt. Bethel never came within 1800 feet of plaintiff's place, and in order to get to his place from Easton had to travel 3400 feet farther; and to stop there on the way to Bangor had to go almost a mile farther; while travelers from Bangor to Easton were 1800 feet out of his way, and to get to his place had to travel that distance and then retrace their journey back again to the new concrete road which runs from the newly located State Highway Route 165 to Mt. Bethel.

The Public Service Commission ordered the County of Northampton to pay the damages resulting from the change, and the plaintiff claiming that he had suffered special damages, differing in kind from the general public, in that his property had been shut off from direct access to the highway south of the abandoned bridge and crossings, presented his claim before the Public Service Commission by whom he was awarded $18,000 damages. The County appealed, and on the trial in the court of common pleas the jury awarded the plaintiff $500. The County has again appealed, and assigns for error the refusal of the court to enter judgment non obstante veredicto in its favor. Its other assignment of error is in violation of rule 22 and will be disregarded.

The question involved has been considered so recently by the Supreme Court in Donnelly v. P. S. C., 268 Pa. 345, and Hedrick v. Harrisburg, 278 Pa. 274; and by this court in Holmes & Holmes v. P. S. C., 79 Pa. Superior Ct. 381, that we deem it unnecessary to discuss the subject at great length. The general subject has also been treated very fully in Westmoreland Chemical & Color Co. v. P. S. C., 294 Pa. 451, which related to an award for damages for change of grade in the abolition of a grade crossing, and sustained a judgment in favor of the injured plaintiff; but the discussion treats also of damages caused by the vacation of a road in such proceedings, and the opinion is helpful in the consideration of this case. The basis of recovery goes back to the decision of the Supreme Court in In re Melon Street, 182 Pa. 397, which reversed the judgment of this court in 1 Pa. Superior Ct. 63; and the opinion of Mr. Justice FELL of the Supreme Court and the dissenting opinion of President Judge RICE (1 Pa. Superior Ct. 86) are storehouses of legal learning on the general subject. They hold that where there is legislative warrant for a recovery of consequential damages, the constitutional provision (Art. XVI, sec. 8) is not limited to abutting landowners, but includes anyone who can show an injury to his property rights peculiar to himself and different in kind from the injury sustained by those who use the road for travel only; provided the property is sufficiently near to make the injury proximate, immediate and substantial: Hoffer v. Reading Co., 287 Pa. 120, 126. The same principle was followed in Chatham Street, 191 Pa. 604; Walsh v. Scranton, 23 Pa. Superior Ct. 276; Ruscomb Street, 33 Pa. Superior Ct. 148. See also Mellor v. Phila., 160 Pa. 614; Foust v. Pennsylvania R. Co., 212 Pa. 213; Robbins v. Scranton, 217 Pa. 577.

It is true that in the earlier cases the right was founded on a special act of assembly permitting the

award of damages for the vacation of streets, but as was pointed out in the recent cases above referred to, general legislation authorizing such damages was enacted in 1913 (Act of May 28, 1913, P. L. 368—repealed as to counties by the General County Act of 1929, but re-enacted in effect by section 514); and the language used in that connection, giving the right to damages to 'owners of lands......abutting on or through which pass roads' etc., was definitely held in Donnelly v. P. S. C., supra, p. 353, and Hedrick v. Harrisburg, supra, p. 278, to apply to owners of lands through which the road, part of which was vacated, passed, whether actually abutting on the vacated portion or not. The Public Service Company Act and its amendment of 1917, P. L. 1025, p. 1030, therefore, in providing for the ascertainment of the 'compensation for damages which the owners of adjacent property ......injured......may sustain in the......abolition of any such crossing', contemplated the awarding of damages to owners of land situated as this plaintiff was, provided their injury was proximate, immediate and substantial, for existing legislation, based on the constitutional provision above referred to, authorized it.

A review of the evidence satisfies us that it is sufficient to support a finding that the plaintiff in the proceedings abolishing the grade crossings in question suffered injury to his property rights by being shut off from direct access to the highway to Easton, which were special and peculiar to himself and different in kind from the injury sustained by the public using the road only for travel; and that his property, through which the road affected passed, was sufficiently near to the public works in question to make the injury proximate, immediate and substantial.

The first assignment of error is dismissed. The second is overruled. The judgment is affirmed.